**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHERYL HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03115-RK |
| | ) | |
| COMMISSIONER OF SSA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Plaintiff Cheryl Henson's appeal brought under 42 U.S.C. § 405(g) seeking review of the Commissioner of the Social Security Administration's denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). After careful consideration and for the reasons explained below, the Court **ORDERS** that the ALJ's decision is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision denying Plaintiff's protective applications for social security benefits is limited to whether the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). The Court "will affirm if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Cropper v. Dudek*, 136 F.4th 809, 813 (8th Cir. 2025) (internal quotation marks omitted).

An ALJ's "failure to comply with [Social Security Act] regulations . . . is [reversible] legal error." *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). To determine whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (internal quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or

[the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). On judicial review of the ALJ's decision, the Court does not "re-weigh the evidence presented to the ALJ," *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)), and must "defer heavily to the findings and conclusions of the [ALJ]," *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

**The Five Step Sequential Analysis for Disability Benefits**

To determine whether a claimant is entitled to benefits under the Social Security Act, the ALJ utilizes a familiar five-step analysis found at 20 C.F.R. §§ 404.1520(a) & 416.920(a), as follows:

At Step One the ALJ considers whether the claimant is engaged in substantial gainful work activity. If not, the ALJ moves to Steps Two and Three to consider whether the claimant has a severe medically determinable physical or mental impairment, or a combination thereof (Step Two), and whether any such impairments meet or are medically equivalent to a Listed Impairment (Step Three). If the ALJ finds that a claimant's impairments, individually or in combination, meet or medically equal a Listed Impairment, the claimant is entitled to disability benefits. Otherwise, the ALJ moves to Step Four of the analysis to assess and consider the claimant's residual functional capacity ("RFC")[1] and to determine whether the claimant can still do any past relevant work considering the claimant's RFC as assessed by the ALJ. In doing so, the ALJ is required to consider the persuasiveness of medical opinions and prior administrative medical findings. *See* 20 C.F.R. §§ 404.1520c & 416.920c. If the ALJ finds that the claimant can perform past relevant work given the ALJ's RFC determination, the claimant is not entitled to benefits. However, if the claimant is unable to perform past relevant work given their assessed RFC, the ALJ finally considers at Step Five whether the claimant can do other work that exists in significant numbers in the national economy considering the claimant's RFC, alongside their age, education, and work

[1] A claimant's RFC "is the most [the claimant] can do" despite any "physical and mental limitations that affect what [the claimant] can do in a work setting" caused by a claimant's impairment(s) and related symptoms. 20 C.F.R. §§ 404.1545(a)(1) & 416.945(a)(1). The ALJ's RFC assessment must be based on "all the relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own description of her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (internal quotation marks omitted). Although it is a medical question and must be based on some medical evidence, "it is ultimately an administrative determination" for the ALJ. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

experience, and the corresponding testimony of a vocational expert. If the ALJ determines that the claimant cannot do so, the claimant is entitled to disability benefits.

**Discussion**

By way of overview, the ALJ found that Plaintiff has the following severe impairments: right ankle arthritis, history of recurrent transient ischemic attack, mild chronic obstructive pulmonary disease, migraine, seizure, obesity, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. The ALJ also determined that Plaintiff has the following non-severe impairments: chronic renal insufficiency, chronic kidney disease stage 2, colonic diverticulosis, vitamin D deficiency, mild lumbar spine degenerative changes, carotid atherosclerosis, and obstructive sleep apnea. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the Listed Impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").

Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work except that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk 4 hours out of an 8-hour workday; and can sit for 6 hours in an 8-hour workday. She can frequently kneel, crouch, and climb ramps and stairs, and can never crawl or climb ladders, ropes, or scaffolds. Plaintiff must avoid concentrated exposure to extreme heat and cold, humidity, vibration, and respiratory irritants such as fumes, odors, dust, gases, and poor ventilation. She must avoid all exposure to hazards including dangerous machinery and unprotected heights. Plaintiff can understand, remember, and carry out commands involving simple instructions and can make simple work-related decisions. She can sustain concentration, persistence, and pace through simple tasks, and can tolerate a low level of work pressure, which means work not requiring multitasking, detailed job tasks, significant independent judgment, very short deadlines, teamwork in completing job tasks, or more than occasional changes in work setting. Plaintiff can tolerate occasional interaction with coworkers and with the general public. Based on this RFC assessment, the ALJ found that Plaintiff was not able to perform past relevant work of a nurse assistant or home attendant. However, considering Plaintiff's RFC and her age, education, and work experience, in conjunction with relevant testimony by a vocational expert, the ALJ found that Plaintiff could perform other work, specifically as a Routing Clerk, Small Products Assembler, Mail Clerk, Document Preparer, Press Clippings Cutter/Paster, and Touch Up Screener.

**Point on Appeal: Whether the ALJ's Determination at Step Five that Plaintiff Can Perform Other Jobs is Supported by Substantial Evidence**

Plaintiff argues on appeal that the ALJ's determination at Step Five that she can perform other jobs in the national economy is not supported by substantial evidence because the vocational expert's testimony conflicts with the ALJ's RFC assessment. Specifically, Plaintiff argues that the vocational expert's testimony that she could perform the jobs identified above, all of which require a Reasoning Level 2,[2] conflicts with the ALJ's mental RFC assessment limiting Plaintiff to "simple instructions and . . . simple work[-]related decisions" along with "simple tasks" but with a "low level of work pressure defined as work not requiring . . . detailed job tasks." (*See* Tr. at 72.) Plaintiff argues that Reasoning Level 2 jobs require the ability to "perform[] . . . detailed instructions." (Doc. 8 at 8.) The Commissioner argues that the vocational expert's testimony does not conflict with the mental RFC as assessed by the ALJ.

It is well established that at Step Five of the disability benefits analysis, an ALJ may rely on the testimony of a vocational expert. Testimony by a vocational expert is not substantial evidence at Step Five, however, if their testimony conflicts with the Dictionary of Occupational Titles ("DOT") absent a "reasonable explanation" for the conflict (such as outside experience of the vocational expert concerning the requirements of the job(s) identified). *Stanton v. Comm'r, Soc. Sec'y Admin.*, 899 F.3d 555, 559-60 (8th Cir. 2018); *see Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014); *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) ("an ALJ cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications"); *see also Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (addressing argument that "there is not substantial evidence in the record to support the ALJ's finding that jobs exist in the national economy which Moore could perform" because the DOT descriptions conflicted with limitations in the hypothetical given to the vocational expert which was consistent with the ALJ's RFC assessment in that case).

Here, the vocational expert testified that a hypothetical individual with the RFC identified above could perform the jobs identified above. The vocational expert testified that his opinion was consistent with the DOT except that the jobs could be done with standing or walking only four

---

[2] The six jobs identified by the vocational expert, including references to the Dictionary of Occupational Titles ("DOT") entries are: Routing Clerk, DOT 222.687-022; Small Products Assembler, DOT 706.684-022; Mail Clerk, DOT 209.687-026; Document Preparer, DOT 249.587-018; Press Clippings Cutter/Paster, DOT 249.587-014; and Touch Up Screener, DOT 726.684-110. (*See* Tr. at 80.)

hours in an eight-hour workday (instead of the standard six hours). (Tr. at 123-24.) The question here is whether the testimony of the vocational expert who identified six jobs that Plaintiff could perform, all requiring Reasoning Level 2, conflicts with the RFC assessment limiting Plaintiff to "simple instructions and . . .simple work[-]related decisions" along with "simple tasks." Put another way, the question is whether the RFC limits Plaintiff to jobs that require Reasoning Level 1. The Court discerns no conflict because the RFC does not limit Plaintiff to jobs with Reasoning Level 1, as Plaintiff suggests.

The Court starts with the Eighth Circuit's decision in *Moore v. Astrue*. In that case, the ALJ's mental RFC assessment limited Moore's functional abilities to "carrying out simple job instructions" and to performing "simple, routine, and repetitive work activity at the unskilled task level." 623 F.3d at 604. The jobs identified by the vocational expert in response to the ALJ's hypothetical incorporating these limitations (Hand Packager and Laundry Worker), required Reasoning Level 2 as set out in the DOT, "defined as the ability to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Id.* (internal quotation marks omitted; quotation modified). Moore argued in that case, similar to Plaintiff here, that the ALJ's mental RFC assessment limited him to jobs requiring only Reasoning Level 1, defined as "the ability to apply commonsense understanding to carry out simple one- or two-step instructions." *Id.* (internal quotation marks omitted; quotation modified).

On appeal, the Eighth Circuit agreed with the district court that no such conflict existed:

> . . . [T]he ALJ did not limit "simple" job instructions to "simple *one- or two-step* instructions" or otherwise indicate that Moore could perform only occupations at a *DOT* Level 1 reasoning level. Indeed, the Level 2 reasoning definition refers to "detailed but *uninvolved*" instructions. The dictionary defines "uninvolved" as "not involved," and in turn defines "involved" as "complicated, intricate." There is no direct conflict between "carrying out simple job instructions" for "simple, routine and repetitive work activity," as in the hypothetical, and the vocational expert's identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate.

*Id.* (internal citations omitted).

Plaintiff relies on a subsequent opinion by the Eighth Circuit in *Stanton v. Commissioner, Social Security Administration*, 899 F.3d 555 (8th Cir. 2018), distinguishing *Moore*. In *Stanton*, the Eighth Circuit similarly considered a substantial-evidence challenge based on a purported conflict between the vocational expert's testimony and the ALJ's mental RFC assessment. There, the ALJ limited Stanton's mental RFC to carrying out "simple one- to two-step instructions" with

"simple work-related decisions" and that he could "perform work where the complexity of tasks if learned and performed by rote with few variables and little judgment," among other limitations. *Id.* at 557. At the administrative hearing, the vocational expert testified that a hypothetical individual with the same RFC could perform jobs as a hospital or industrial cleaner, both of which, as defined in the DOT, require Reasoning Level 2; the vocational expert otherwise testified that his testimony was consistent with the DOT and his experience. *Id.* at 557, 558.

The Eighth Circuit in *Stanton*, consistent with its prior opinion in *Moore*, recognized that "Level 2 Reasoning is a step above Level 1 Reasoning." 899 F.3d at 558. Unlike in *Moore*, however, the Eighth Circuit in *Stanton* found that there was a conflict between the vocational expert's testimony (identified as consistent with the DOT) and the mental RFC assessed by the ALJ. The Eighth Circuit noted that both the hypothetical addressed by the vocational expert and the ALJ's mental RFC assessment limited Stanton to Reasoning Level 1 by referring explicitly to a limitation to carrying out one- to two-step instructions. *Id.* at 558-59; *see id.* at 559 ("the ALJ's limitation to one- to two-step instructions connotes that Stanton cannot perform jobs that would require him to understand and carry out 'detailed but uninvolved written or oral instructions' under Level 2 Reasoning"). Thus, the vocational expert's testimony conflicted with the mental RFC assessed by the ALJ and was not substantial evidence at Step Five. *Id.* at 559 ("Thus, when the vocational expert testified that someone with Stanton's limitations could perform the job of hospital or industrial cleaner, he testified that someone limited to Level 1 Reasoning could perform a job that the [DOT] describes as having an approximate maximum requirement of Level 2 Reasoning.") *See also McPheeters v. Astrue*, No. 4:12-0137-DGK-SSA, 2013 WL 523674, at *3-4 (W.D. Mo. Feb. 12, 2013) (finding an unexplained contradiction requiring reversal where the ALJ's mental RFC expressly limited McPheeters from performing work involving "detailed tasks or detailed instructions," but the vocational expert testified a hypothetical person with the same RFC could perform jobs that require Reasoning Level 2, that is "jobs which by definition require an ability to understand and carry out *detailed* instructions").

Plaintiff acknowledges that the "specific limitations in the RFC" assessed by the ALJ in this case "[aren't] identical to the RFC in *Stanton*," but argues that nevertheless "the same outcome is required." (Doc. 8 at 10.) Admittedly, as the Commissioner acknowledges, this case appears to "fall[] somewhere between *Moore* and *Stanton*." (Doc. 13 at 10.) Ultimately, the Court is persuaded that this case falls closer to *Moore*. As the Commissioner points out, the ALJ here

specifically found unpersuasive (and thus rejected) the opinion of the state agency psychological consultants limiting Plaintiff to "simple work with 1 to 2 step[] tasks or instructions." (Tr. at 78.) Plaintiff does not challenge that finding on appeal. The ALJ's RFC assessment in this case—limiting Plaintiff to "simple instructions" and to "simple" and "not . . . detailed" tasks—is therefore closer to *Moore* (concerning a limitation to "simple job instructions" and "simple, routine and repetitive work activity at the unskilled task level") than *Stanton* (concerning a limitation to "simple one to two step instructions"). Even to the extent the Eighth Circuit has suggested that an RFC limitation to one- to two-step *tasks* refers to Reasoning Level 1, *see Thomas v. Berryhill*, 881 F.3d 672, 676-78 (8th Cir. 2018), the same reasoning in *Moore* applies here.[3] That is, the ALJ's limitation to simple and not detailed tasks (rather than to one- to two-step tasks) is not inconsistent with Reasoning Level 2. *See Miraco B. v. Comm'r, Soc. Sec'y Admin.*, No. 1:19-cv-05777-CMS, 2021 WL 9667338, at *13-16 (N.D. Ga. July 8, 2021) (persuasively applying the Eleventh Circuit precedent which applied the Eighth Circuit's opinion in *Moore* to find "no apparent or direct conflict between an RFC that limits Plaintiff to a job with a low-level of work pressure (that does not require . . . detailed job tasks) . . . with a reasoning level of two").

The Court is cognizant, as the Eighth Circuit has made clear, that the "deferential standard of review precludes [the Court] from labeling findings as inconsistent if they can be harmonized." *Galloway v. Kijakazi*, 46 F.4th 686, 690 (8th Cir. 2022) (internal quotation marks omitted). The ALJ's findings here can be harmonized in the following sense: the ALJ did not find (and rejected) that Plaintiff lacked capacity to carry out or engage only in one- to two-step tasks. The ALJ did not limit Plaintiff to one- to two-step tasks but to simple and not detailed tasks. Eighth Circuit precedent instructs that such a limitation is not inconsistent with Reasoning Level 2. Absent an apparent conflict, the ALJ did not err in relying on the vocational expert's testimony at Step Five, which represents substantial evidence to support the ALJ's finding that Plaintiff can perform the

[3] Plaintiff suggests that *Moore* is not controlling to the extent the Eighth Circuit in *Thomas* held that an RFC limiting a claimant to one- to two-step "tasks" incorporated Reasoning Level 1, and therefore there was an unexplained conflict requiring reversal where the vocational expert testified that the claimant could perform jobs defined in the DOT as requiring Reasoning Level 3 (that is, "to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form"). 881 F.3d at 677. At minimum, *Thomas* is distinguishable for the same reason *Stanton* is distinguishable—the ALJ here did not limit Plaintiff to one- to two-step instructions or one- to two-step tasks but rather the ALJ explicitly rejected any such limitation, necessarily finding that Plaintiff is not limited to Reasoning Level 1.

jobs identified, and is therefore not entitled to benefits under the Social Security Act as a matter of law.

## Conclusion

Accordingly, after careful consideration and review of the record before the Court and the parties' submissions on appeal, the Court **ORDERS** that the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 21, 2026